UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIAN DUFF,

        Plaintiff,                       No. 2:11-cv-12474

v.                                                Hon. Gerald E. Rosen

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

        Defendants.

_____/

OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         February 29, 2012        

PRESENT:   Honorable Gerald E. Rosen
                      United States District Chief Judge

I. INTRODUCTION

      This mortgage foreclosure matter is presently before the Court on the August 11, 2011 Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Defendants Federal National Mortgage Association ("Fannie Mae") and JP Morgan Chase Bank, N.A. ("Chase").[1]  Plaintiff Damian Duff has responded and Defendants have replied.  Having reviewed the parties' briefs and supporting evidence, the Court has determined that oral argument is not necessary.  Therefore, pursuant to Eastern District of

---

[1] Defendant JP Morgan Chase Bank, N.A., was incorrectly identified in Plaintiff's Complaint as "JP Morgan Chase & Co."

1

Michigan Local Rule 7.1(e)(2), the Court will decide this motion based on the briefs. For the reasons stated below, the Court has concluded that dismissal is proper.

## II. FACTUAL BACKGROUND

On June 28, 2007, Plaintiff Damien Duff refinanced his home in Detroit, Michigan and obtained a $190,000 loan from non-party Quicken Loans, Inc. ("Quicken"). As security for the loan, Plaintiff executed a promissory note that was secured by a mortgage ("the Mortgage"). Mortgage Electronic Registrations Systems, Inc. ("MERS") was the mortgagee under the Mortgage, as nominee for the lender, Quicken. Two years later, on July 28, 2009, Plaintiff applied for a loan modification through the Homes Affordable Modification Program ("HAMP"). Plaintiff's application for a HAMP modification, however, was denied. On April 15, 2010, MERS assigned the Mortgage to Defendant JP Morgan Chase Bank, N.A. The Assignment was duly recorded with the Wayne County Register of Deeds.

Plaintiff subsequently failed to make his required Mortgage payments and defaulted on his Loan and Mortgage obligations. As a result, Chase initiated foreclosure by advertisement pursuant to Michigan law. On September 2, 2010, Plaintiff's house was sold at a Sheriff's Sale to Defendant Fannie Mae for $208,075.82. A sheriff's deed was executed and recorded. The six-month redemption period provided under MCL § 600.3240(8) ended on March 2, 2011. After being served with a complaint to terminate Plaintiff's tenancy of the property, on May 18, 2011, Plaintiff instituted this action in Wayne County Circuit Court. Defendants thereafter removed the case to this Court on June 8, 2011 on diversity of citizenship grounds.

In his Complaint, Plaintiff alleges four counts. In Count I, he alleges that Defendants violated MCL § 600.3212 by failing to include the names of the original lender and mortgagee in every notice of foreclosure, and violated MCL § 600.3204(3) by failing to establish a chain of title prior to the foreclosure. In Count II, Plaintiff alleges that Defendants were negligent in that they failed to comply with the HAMP Servicing Guide loan modification requirements and thereby failed to satisfy the duty they owed the Plaintiff. In Count III, Plaintiff alleges a third-party beneficiary breach of contract claim based upon Defendants alleged failure to comply the terms of their HAMP Participant Servicing Agreement. In Count IV, Plaintiff claims that because of the statutory violations, negligence, and breach of contract, Defendants must be estopped from obtaining title to the property.

Defendants now move for dismissal for failure to state a claim and lack of subject matter jurisdiction. Defendants argue that Plaintiff does not have standing to sue because Plaintiff no longer had an interest in the property once the redemption period expired.

### III. ANALYSIS

A.  APPLICABLE STANDARDS

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted . . . ." In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the Plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

3

conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

B.  PLAINTIFF CANNOT OBTAIN THE RELIEF HE SEEKS

In his Complaint, Plaintiff seeks, under various theories, the reversal of the foreclosure sale, an order requiring Defendants to grant Plaintiff a loan modification pursuant to the HAMP guidelines, an order enjoining his eviction, as well as money damages and costs. As set forth below, however, Plaintiff's claims fail because – once the redemption period following foreclosure of a property has expired – the former owner's rights in, and title to, the property are extinguished. At that point, the former owner loses standing to assert claims with respect to the property. This principle is well established.

In *Piotrowski v. State Land Office Board*, 302 Mich. 179, 4 N.W.2d 514 (1942), the Michigan Supreme Court held that the mortgagors had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption." *Id.* at 187, 4 N.W.2d at 517. Michigan courts and federal courts applying Michigan law have applied the *Piotrowski* standard to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period. *See e.g.*, *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537 (E.D. Mich. Feb. 24, 2011); *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period had expired); *Kama v. Wells Fargo Bank*, No. 10-10514, 2010 WL 4386974, *2 (E.D. Mich. Oct. 29, 2010) (dismissing plaintiff's claims for violation of the foreclosure statute, to quiet title, and for promissory estoppel because the redemption period had expired); *Moriarty v. BNC Mortg., Inc.*, No. 10-13860, 2010 WL 5173830, at *1 (E.D. Mich. Dec. 15, 2010) (dismissing action for declaratory judgment voiding foreclosure proceedings).

Furthermore, "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W. 2d 784, 785 (1969); *see also Sweet Air Inv., Inc. v. Kenney*, 275 Mich. App. 492, 497, 729 N.W.2d 656 (2007) (quoting *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) ("The Michigan Supreme Court has held that it would require a strong case of

5

fraud or irregularity, or some peculiar exigency, to warrant setting a forclosure sale aside.").

In the present case, the redemption period expired on March 2, 2010 – nearly two months before Plaintiff commenced this lawsuit. Plaintiff has not pled any facts to show that he timely attempted to redeem the property. Therefore, unless Plaintiff can make a clear showing of irregularity, no equitable extension of the period to redeem his property is allowed and Plaintiff will lack standing to challenge the foreclosure of, and his eviction from, the property.

Plaintiff's argument of irregularity rests upon his contention that the notices of foreclosure were defective because they did not contain the names of the original lender and mortgagee in every notice. Michigan law, however, does not require that foreclosure notices provide the name of the original lender. Rather, all that is required is that the notices contain "[t]he names of the mortgagor, original mortgagee, and the foreclosing assignee, if any." *See* MCL § 600.3212. The verified copies of the published notices concerning the foreclosure of Plaintiff's property attached to Defendants' Brief at Ex. C comport with these statutory requirements. They identify the mortgagor, Damian Duff; the original mortgagee, MERS; and the foreclosing assignee, Chase.

Furthermore, even if Plaintiff could make a clear showing that the foreclosure notices were defective, Plaintiff still could not set aside the sheriff's deed. "[A] defect in notice renders a foreclosure sale voidable and not void." *Jackson Inv. Corp. v. Pittsfield Prod., Inc.*, 162 Mich. App. 750, 755, 413 N.W.2d 99, 101 (1987). In so ruling, the court reasoned that such a holding (1) gives security "to the title of real property" and (2)

6

"allows for an examination of whether any harm was caused by the defect." *Id.* at 756. The sale should not be automatically nullified without considering the harm suffered by the mortgagor or the interests of intervening third parties. *Id.* This is especially true in a case where "the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property." *Id. See also Sweet Air Inv., Inc*, 275 Mich. App. at 502 (quoting *Jackson Inv. Corp.*, 162 Mich. App. at 511) (holding that a defect in the foreclosure notice is "[in]sufficient grounds to invalidate the foreclosure sale, because of a lack of prejudice"). In *Sweet Air Investments*, the defendants waited until the plaintiff instituted eviction proceedings against them to challenge the foreclosure sale. *Id.* at 496. There was no effort to timely challenge the validity of the foreclosure sale, or to redeem the property within the redemption period. *Id.* at 503. Based on these facts, no prejudice was shown. *Id.*

Plaintiff also challenges the assignment of his mortgage by MERS to Chase and argues that the assignment results in a violation of MCL § 600.3204. Complaint ¶¶ 31-34. Specifically, he contends that the assignment is not sufficient to establish a record chain of title as required by MCL § 600.3204[2] because MERS did not have an interest to assign to Chase. According to Plaintiff, because the assignment was invalid, Chase was

---

[2] Plaintiff mistakenly identifies the relevant statute as MCL § 600.3404(3) in his complaint. *See* Complaint ¶ 32. In their motion to dismiss, Defendants mistakenly refer to MCL §600.6204(3). Motion to Dismiss ¶ 11. MCL 600.3204(3) states, "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage."

7

not the owner of the indebtedness and thus could not foreclose. In so arguing, the Plaintiff relies on the Michigan Court of Appeals' decisions in *Residential Funding Co., LLC v. Saurman, et al.*, 292 Mich. App. 321, 807 N.W.2d 412 (2011), and *Bakri v. Mortg. Elec. Registration Sys., et al.*, No. 297962, 2011 WL 3476818 (Mich. Ct. App. Aug. 9, 2011) (unpublished decision). In *Saurman*, the Court of Appeals held that MERS lacked the authority to foreclose by advertisement and in *Bakri*, relying on *Saurman*, the court held that a MERS assignee stands in the shoes of MERS and, as such, has no authority to foreclose by advertisement, either.

However, the Michigan Supreme Court REVERSED the Court of Appeals' ruling in *Saurman*. *See Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011). The Supreme Court found that the Court of Appeals erroneously construed the Michigan foreclosure by advertisement statute and determined that MERS is authorized under MCL § 600.3204(d)(1)[3] to foreclose by advertisement as the owner of "an interest in the indebtedness secured by a mortgage." That reversal also *sub silentio* reversed *Bakri*. Therefore, the Court of Appeals' decisions in *Bakri* and *Saurman* provide no legal basis for Plaintiff to challenge MERS' assignment of the mortgage to Chase or Chase's foreclosure of the mortgage. Accordingly, Defendants' motion to dismiss will be granted on Count I of Plaintiff's Complaint.

Plaintiff also alleges that Defendants violated the Home Affordable Modification Program ("HAMP"), under both a negligence theory (Count II) and a breach of contract

---

[3] MCL 600.3204(d)(1) requires that "The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."

theory (Count III).  These claims fail because, as recognized by in this and other federal courts, there is no private right of action under HAMP.  *See, e.g.*, *Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741 (E.D. Mich. 2010):

> [A]ssuming Plaintiff is eligible for modification (which she is not) and assuming that the Lending Statutes impose a duty on Defendant to modify Plaintiff's mortgage (which they do not), the statutes do not create a private right of action under which Plaintiff may seek relief.  "There is no express or implied right to sue fund recipients . . . under TARP or HAMP."

*Id*. at 748 (quoting *Aleem v. Bank of America*, 2010 WL 532330, at *4 (C.D. Cal. Feb. 9, 2010)); *see also Melton v. Suntrust Bank*, 780 F.Supp.2d 458, 459 (E.D.Va. 2011) ("It is well established that there is no private right of action under HAMP."); *Luster v. Mortgage Electronic Registration Systems*, 2012 WL 124967, at * 3 (E.D. Mich., Jan. 17, 2012) (same); *Yunanova v. BAC Home Loans Servicing*, 2012 WL 441161, at * 6 (E.D. Mich., Feb. 10, 2012) (same).

Thus, plaintiffs may not establish liability by relying on alleged violations of the servicing guidelines promulgated by the U.S. Department of the Treasury in connection with HAMP.  *Coulibaly v. JP Morgan Chase, supra*.  Indeed, HAMP imposes no duty on mortgage lender to modify mortgage even if the borrower meets modification requirements.  *Meyer v. Citimortgage Inc.*, 2012 WL 511995, at **5-6 (E.D. Mich., Feb. 16, 2012); *see also Escobedo v. Countrywide Home Loans, Inc.*, 2009 WL 4981 618, at *3 (S.D.Cal. Dec. 15, 2009).

Furthermore, the overwhelming majority of courts have held that borrowers are not third-party beneficiaries to the servicing contracts between entered into between loan servicers and Fannie Mae.  *See, e.g., Acuna v. Chase Home Fin., LLC*, 2011 WL

9

1883089, at *4 (E.D.Va. May 17, 2011) (listing cases); *Zendejas v. GMAC Wholesale Mtg. Corp.*, 2010 WL 2490975 (E.D. Cal. 2010) (concluding third party beneficiaries cannot enforce government contracts "absent a clear intent to the contrary" and finding that HAMP expresses no such intent); *see also Federal Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir.1989) (no express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing requirements).  As the court in *Coulibaly* observed, the cases finding that mortgagors are not third-party beneficiaries to HAMP servicing agreements fall in line with a recent decision of the Supreme Court, *Astra USA, Inc. v. Santa Clara County*, ___ U.S.___, 131 S.Ct. 1342, 1348, 179 L.Ed.2d 457 (2011).  In *Astra*, the Court emphasized that breach of contract actions should not be used to create constructive private rights of action where none otherwise exist. *Id*. at 1348.

  The foregoing authorities make clear that mortgagors have no right to sue mortgage servicers or Fannie Mae under HAMP. Therefore, to the extent Plaintiff alleges a negligence claim based upon Defendant Chase's alleged violations of HAMP regulations or procedures, or a third-party breach of contract claim based upon Chase's alleged breach of the HAMP Servicer Participation Agreement it entered into with Fannie Mae, those claims fail as a matter of law.  Therefore, Defendants' motion to dismiss will be granted on both Counts II and III of Plaintiff's Complaint.

  Finally, the estoppel claim asserted by Plaintiff in Count IV of his Complaint also fails.  As a general matter, "equitable estoppel . . . is available as protection from a defense raised by a defendant[,]" but "is not available to the plaintiff in stating a cause of

action." *Hoye v. Westfield Ins. Co.*, 194 Mich. App. 696, 705, 487 N.W.2d 838 (1992) (quoting *Harrison Twp. v. Calisi*, 121 Mich. App. 777, 787, 329 N.W.2d 488 (1982)). Furthermore, as stated above, Plaintiff's claims of statutory violations, negligence, and breach of contract are without merit, therefore he cannot rely on those bases to support his theory of estoppel.

## IV.    CONCLUSION

The foregoing discussion makes clear that Plaintiffs have failed to state any claim in their Complaint upon which relief may be granted.  Therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED. Accordingly,

IT IS FURTHER ORDERED that Plaintiff's Complaint be, and hereby is, DISMISSED in its entirety, with prejudice.


Dated: February 29, 2012            s/Gerald E. Rosen
                                    Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 1, 2012, by electronic and/or ordinary mail.

                    s/Ruth A.Gunther
                    Case Manager
                    (313) 234-5137

11